2.     Defendant KENNETH J. GRAHAM was the chief executive officer at Thyssen and was responsible for authorizing the expenditure of corporate funds used to pay for multi-million dollar cranes and slitting machines, and the related commissions paid to a consultant, that were purchased during the construction projects. Defendant KENNETH J. GRAHAM is no longer employed by Thyssen.

3.     Defendant KYLE E. DRESBACH was an executive vice-president at Thyssen and was responsible for recommending and determining which vendors of multi-million dollar cranes and slitting machines and which consultants would be awarded contracts by Thyssen in connection with the construction projects. Defendant KYLE E. DRESBACH is no longer employed by Thyssen.

4.     Jerome Jay Allen was a resident of Bloomfield Hills, Michigan, was an attorney licensed to practice in the State of Michigan, and was associated with the law firms of Jerome Jay Allen, P.C. and Allen & Defrain, P.C.

5.     In connection with the construction projects, Jerome Jay Allen held himself out to a third-party vendor and to a consultant, Hurricane Machine, Inc. ("the consultant"), as an attorney who represented Thyssen.

6.     Jerome Jay Allen, not named a defendant herein, participated as a co-conspirator in the offense charged herein and performed acts and made statements in furtherance thereof.

2

<u>CONSPIRACY</u>

7.    From in or about January of 1991 through in or about April of 2001, the exact dates being unknown to the Grand Jury, in the Eastern District of Michigan and elsewhere, the defendants,

**KENNETH J. GRAHAM, and**
**KYLE E. DRESBACH,**

together with others known and unknown to the Grand Jury, including Jerome Jay Allen, a co-conspirator not named as a defendant herein, did unlawfully, willfully, and knowingly combine, conspire, confederate, and agree together to commit offenses against the United States, that is:

A.    To violate Title 18, United States Code, Section 1341; and

B.    To violate Title 26, United States Codes, Section 7206(1).

<u>THE OBJECTIVES OF THE CONSPIRACY</u>

8.    It was a part and an object of the conspiracy that KENNETH J. GRAHAM and KYLE E. DRESBACH, the defendants, and Jerome Jay Allen, having devised and intending to devise a scheme and artifice to defraud Thyssen, and for obtaining money and property from Thyssen by means of false and fraudulent pretenses, representations, and promises, and to deprive Thyssen of its intangible right to the honest services of KENNETH J. GRAHAM and KYLE E. DRESBACH, unlawfully, willfully, and knowingly, for the purpose of executing such scheme and artifice, would and did place and cause to be placed in post offices and authorized depositories for mail matter, matters and things to be sent and delivered by the Postal Service, and deposit and cause to be

3

deposited matters and things to be sent and delivered by private and commercial interstate carriers, and take and receive therefrom, such matters and things, and knowingly cause to be delivered by mail and such carriers according to the directions thereon, and at the place at which they were directed to be delivered by the persons to whom they were addressed such matters and things, in violation of Title 18, United States Code, Section 1341.

9.    It was a part and an object of the conspiracy that KENNETH J. GRAHAM and KYLE E. DRESBACH, the defendants, and Jerome Jay Allen, would and did willfully make and subscribe federal income tax returns, which were filed with the Internal Revenue Service, which contained and were verified by a written declaration that said returns were made under the penalties of perjury, and which KENNETH J. GRAHAM, KYLE E. DRESBACH and Jerome Jay Allen did not believe to be true and correct as to every material matter, in violation of Title 26, United States Code, Section 7206(1).

<u>MANNER AND MEANS OF THE CONSPIRACY</u>

Among the means by which the defendants and their co-conspirators would and did carry out the conspiracy were the following:

10.    It was a part of the conspiracy that KENNETH J. GRAHAM and KYLE E. DRESBACH, the defendants, devised a scheme to defraud Thyssen by causing Thyssen to enter into contracts with third-party vendors ("the third-party vendors") and the consultant to purchase multi-million dollar cranes and slitting machines at fraudulently inflated prices and commissions. As a result of the scheme, Thyssen paid higher prices for the cranes and slitting machines and paid higher commissions than it would have if

4

KENNETH J. GRAHAM and KYLE E. DRESBACH had aggressively and honestly solicited competitive prices from other vendors and consultants.

11.    It was a further part of the conspiracy that KENNETH J. GRAHAM and KYLE E. DRESBACH, the defendants, would cause the third-party vendors and the consultant to submit to Thyssen fraudulently inflated invoices for cranes and slitting machines and commissions.

12.    It was a further part of the conspiracy that KENNETH J. GRAHAM and KYLE E. DRESBACH, the defendants, would authorize payment of the fraudulently inflated invoices and cause Thyssen to issue checks to the third-party vendors and to the consultant.

13.    It was a further part of the conspiracy that the fraudulently inflated invoices submitted by the third-party vendors and the consultant, and corresponding checks issued by Thyssen in payment of the fraudulently inflated invoices, would be sent via the United States mail.

14.    It was a further part of the conspiracy that KENNETH J. GRAHAM and KYLE E. DRESBACH, the defendants, would cause the third-party vendors and the consultant to pay kickbacks to KENNETH J. GRAHAM and KYLE E. DRESBACH through Hurricane Machine, Inc. ("Hurricane Machine").

15.    It was a further part of the conspiracy that Jerome Jay Allen, in exchange for a portion of the kickbacks, would launder the kickbacks that were paid through Hurricane Machine through numerous bank accounts he controlled, including client trust accounts maintained by his law firms.

5

16.    It was a further part of the conspiracy that Jerome Jay Allen would provide Hurricane Machine with bogus invoices in the names of numerous entities seeking payment for services purportedly rendered, such as "consulting fees" and "advice and consultation," when, in fact, no such services had been rendered.

17.    It was a further part of the conspiracy that KENNETH J. GRAHAM and KYLE E. DRESBACH, the defendants, and Jerome Jay Allen would split the proceeds of the scheme along fixed percentages, with KENNETH J. GRAHAM entitled to receive 45%, KYLE E. DRESBACH entitled to receive 40% and Jerome Jay Allen entitled to received 15%.

18.    It was a further part of the conspiracy that Jerome Jay Allen would use his client trust accounts maintained by his law firms to pay KENNETH J. GRAHAM's and KYLE E. DRESBACH's personal expenses for the purpose of concealing from the Internal Revenue Service their receipt of taxable income.

19.    It was a further part of the conspiracy that Jerome Jay Allen would prepare false and fraudulent U.S. Individual Income Tax Returns, Forms 1040, for KENNETH J. GRAHAM and KYLE E. DRESBACH that did not report any of the proceeds of the scheme as income on their tax returns.

20.    It was a further part of the conspiracy that KENNETH J. GRAHAM and KYLE E. DRESBACH, the defendants, would file false and fraudulent U.S. Individual Income Tax Returns, Forms 1040, with the Internal Revenue Service.

<u>OVERT ACTS</u>

In furtherance of the conspiracy and in order to accomplish its objectives within the Eastern District of Michigan and elsewhere, the defendants and their co-conspirators committed and caused to be committed overt acts, including the following:

21.    On numerous occasions, the third-party vendors and the consultant sent invoices to Thyssen through the mails.

22.    On numerous occasions, Thyssen sent checks through the mails to pay the invoices submitted by the third-party vendors and the consultant.

23.    On numerous occasions, Jerome Jay Allen caused Hurricane Machine to issue checks, totaling approximately $6.5 million, payable to numerous entities controlled by Jerome Jay Allen, including T.H.A.T.S., Ltd., Drummond Consultants, Inc., Cayce Company, PJD Enterprises, Ltd., Jerome J. Allen, P.C., Statewide, Inc., All Invest, Inc., High Meadow Consultants, Troy Consultants, Inc., How Great Consultants, Premier Consultants, HGTA Consultants and Premier Management Service.

24-58.    On or about the dates listed below, Jerome Jay Allen issued and signed the following checks:

| Par. Number | Date | Payee | Amount |
| --- | --- | --- | --- |
| 24. | 2-05-96 | Leslie Cottrill | $25,000.00 |
| 25. | 3-20-96 | Patric Construction | $20,000.00 |
| 26. | 5-10-96 | Wissel Construction | $25,000.00 |
| 27. | 5-22-96 | Jackson State Bank | $20,000.00 |
| 28. | 6-05-96 | Northern Michigan Title | $33,000.00 |
| 29. | 8-19-96 | Britt Marie Graham | $22,000.00 |
| 30. | 8-23-96 | Chubb | $11,381.00 |
| 31. | 10-20-96 | Rood Landscape | $18,412.00 |
| 32. | 10-29-96 | Chelsea Antiques | $15,929.68 |

7

| | | | |
|---|---|---|---|
| 33. | 10-31-96 | Kennico Construction | $15,000.00 |
| 34. | 11-12-96 | Evola Music | $30,900.00 |
| 35. | 11-29-96 | Kennico Construction | $50,000.00 |
| 36. | 1-17-97 | Britt Marie Graham | $25,000.00 |
| 37. | 4-14-97 | Kennico Construction | $18,000.00 |
| 38. | 5-21-97 | Connors Antiques | $10,000.00 |
| 39. | 7-10-97 | Wissel Construction | $22,347.83 |
| 40. | 9-12-97 | Kennico Construction | $30,897.00 |
| 41. | 11-12-97 | Rose Chrysler Plymouth | $26,044.00 |
| 42. | 12-15-97 | Braman Motors | $31,000.00 |
| 43. | 12-31-97 | Kennico Construction | $28,000.00 |
| 44. | 2-06-98 | American Exercise | $20,908.76 |
| 45. | 2-06-98 | Wissel Construction | $13,109.54 |
| 46. | 2-18-98 | Kennico Construction | $52,000.00 |
| 47. | 5-08-98 | Wissel Construction | $16,203.81 |
| 48. | 5-18-98 | Britt Marie Graham | $30,000.00 |
| 49. | 5-25-98 | Britt Marie Graham | $20,000.00 |
| 50. | 6-02-98 | Kennico Construction | $25,000.00 |
| 51. | 7-15-98 | Columbus & Cook | $14,380.80 |
| 52. | 7-22-98 | Britt Marie Graham | $25,000.00 |
| 53. | 7-30-98 | Kennico Construction | $29,500.00 |
| 54. | 8-03-98 | Britt Marie Graham | $25,000.00 |
| 55. | 8-25-98 | Britt Marie Graham | $45,000.00 |
| 56. | 8-27-98 | Wissel Construction | $14,786.07 |
| 57. | 10-28-98 | Clemens, Bailing, Schaub | $11,635.00 |
| 58. | 11-17-98 | Braman Motorcars | $59,567.93 |

59-64.    On or about the dates listed below, Jerome Jay Allen signed the

following U.S. Individual Tax Returns, Forms 1040, as the paid preparer:

| Par. Number | Date | Taxpayer | Tax Year |
|---|---|---|---|
| 59. | 4-15-97 | Kenneth J. Graham | 1996 |
| 60. | 4-22-97 | Kyle E. Dresbach | 1996 |
| 61. | 3-10-98 | Kenneth J. Graham | 1997 |
| 62. | 4-30-98 | Kyle E. Dresbach | 1997 |
| 63. | 4-11-99 | Kenneth J. Graham | 1998 |
| 64. | 4-13-99 | Kyle E. Dresbach | 1998 |

All in violation of Title 18, United States Code, Section 371.

8

## COUNT TWO
(18 U.S.C. § 1956(h) - Conspiracy to Commit Money Laundering)

### D-1 KENNETH J. GRAHAM
### D-2 KYLE E. DRESBACH

65.     Paragraphs 1-6 Count One are realleged and reincorporated herein.

66.     Paragraphs 10-16 Count One are realleged and reincorporated herein.

67.     From in or about January of 1991 through in or about July of 2000, the exact dates being unknown to the Grand Jury, in the Eastern District of Michigan and elsewhere, the defendants, KENNETH J. GRAHAM and KYLE E. DRESBACH, together with Jerome Jay Allen, a co-conspirator not named as a defendant herein, did knowingly, intentionally and unlawfully combine, conspire, confederate, and agree to commit offenses against the United States, that is, to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activity, that is, mail fraud in violation of Title 18, United States Code, Section 1341, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

68.     It was part of the money laundering conspiracy that attorney Jerome Jay Allen would take proceeds obtained through mail fraud and would deposit such proceeds into numerous bank accounts, including his client trust accounts, for the purpose of

concealing the ownership, control and location of such proceeds and for the purpose of disguising the nature of such proceeds.

69.     It was further part of this money laundering conspiracy that attorney Jerome Jay Allen would use proceeds obtained through mail fraud, which had been laundered through numerous bank accounts, including his client trust accounts, to pay KENNETH J. GRAHAM's and KYLE E. DRESBACH's personal expenses.

70.     Paragraphs 24-58 of Count One are realleged and reincorporated herein.

All in violation of Title 18, United States Code, Section 1956(h).

COUNT THREE
(18 U.S.C. § 1957 - Laundering of Monetary Instruments)

D-2 KYLE E. DRESBACH

That on or about June 2, 1998, in the Eastern District of Michigan, defendant KYLE E. DRESBACH did knowingly engage, and did aid, abet, counsel, command, induce, procure and cause the engaging, in a monetary transaction by, through or to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, such transaction involving the payment of $25,000 to Kennico Construction for improvements made to the real estate located at 4659 Linwood Street, West Bloomfield, Michigan, such property having been derived from a specified unlawful activity, that is, mail fraud in violation of Title 18, United States Code, Section 1341.

All in violation of Title 18, United States Codes, Sections 1957 and 2.

10

COUNT FOUR
(18 U.S.C. § 1957 - Laundering of Monetary Instruments)

### D-2 KYLE E. DRESBACH

That on or about July 30, 1998, in the Eastern District of Michigan, defendant

KYLE E. DRESBACH did knowingly engage, and did aid, abet, counsel, command,

induce, procure and cause the engaging, in a monetary transaction by, through or to a

financial institution, affecting interstate commerce, in criminally derived property of a

value greater than $10,000, such transaction involving the payment of $29,500 to Kennico

Construction for improvements made to the real estate located at 4659 Linwood Street,

West Bloomfield, Michigan, such property having been derived from a specified unlawful

activity, that is, mail fraud in violation of Title 18, United States Code, Section 1341.

All in violation of Title 18, United States Codes, Sections 1957 and 2.

COUNT FIVE
(18 U.S.C. § 1957 - Laundering of Monetary Instruments)

### D-1 KENNETH J. GRAHAM

That on or about August 25, 1998, in the Eastern District of Michigan, defendant

KENNETH J. GRAHAM did knowingly engage, and did aid, abet, counsel, command,

induce, procure and cause the engaging, in a monetary transaction by, through or to a

financial institution, affecting interstate commerce, in criminally derived property of a

value greater than $10,000, such transaction involving the payment of $45,000 to Britt-

Marie Graham, such property having been derived from a specified unlawful activity, that

is, mail fraud in violation of Title 18, United States Code, Section 1341.

All in violation of Title 18, United States Codes, Sections 1957 and 2.

11

<u>COUNT SIX</u>
(18 U.S.C. § 1957 - Laundering of Monetary Instruments)

**D-1 KENNETH J. GRAHAM**

That on or about November 17, 1998, in the Eastern District of Michigan,

defendant KENNETH J. GRAHAM did knowingly engage, and did aid, abet, counsel,

command, induce, procure and cause the engaging, in a monetary transaction by, through

or to a financial institution, affecting interstate commerce, in criminally derived property

of a value greater than $10,000, such transaction involving the payment of $59,567.93 to

Braman Motorcars in connection with the purchase of 1999 Porsche Coupe, such property

having been derived from a specified unlawful activity, that is, mail fraud in violation of

Title 18, United States Code, Section 1341.

All in violation of Title 18, United States Codes, Sections 1957 and 2.

<u>COUNT SEVEN</u>
(26 U.S.C. § 7206(1) - Subscribing a False Tax Return)

**D-1 KENNETH J. GRAHAM**

That on or about March 10, 1998, in the Eastern District of Michigan, defendant

KENNETH J. GRAHAM, a resident of Bloomfield Hills, Michigan, did willfully make

and subscribe a U.S. Individual Income Tax Return, Form 1040, for calendar year 1997,

which was verified by a written declaration that it was made under the penalties of perjury

and was filed with the Internal Revenue Service, which return he did not believe to be

true and correct as to every material matter in that the return reported total income of

$1,105,401 on Line 22, whereas, as he then and there well knew and believed, the return

12

did not report of all his total income, and his total income for 1997 was greater than the amount reported on Line 22.

All in violation of Title 26, United States Code, Section 7206(1).

### COUNT EIGHT
(26 U.S.C. § 7206(1) - Subscribing a False Tax Return)

#### D-1 KENNETH J. GRAHAM

That on or about April 13, 1999, in the Eastern District of Michigan, defendant KENNETH J. GRAHAM, a resident of Bloomfield Hills, Michigan, did willfully make and subscribe a U.S. Individual Income Tax Return, Form 1040, for calendar year 1998, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which return he did not believe to be true and correct as to every material matter in that the return reported total income of $938,020 on Line 22, whereas, as he then and there well knew and believed, the return did not report of all his total income, and his total income for 1998 was greater than the amount reported on Line 22.

All in violation of Title 26, United States Code, Section 7206(1).

### COUNT NINE
(26 U.S.C. § 7206(1) - Subscribing a False Tax Return)

#### D-2 KYLE E. DRESBACH

That on or about April 30, 1998, in the Eastern District of Michigan, defendant KYLE E. DRESBACH, a resident of West Bloomfield, Michigan, did willfully make and subscribe a U.S. Individual Income Tax Return, Form 1040, for calendar year 1997, which was verified by a written declaration that it was made under the penalties of perjury

13

and was filed with the Internal Revenue Service, which return he did not believe to be true and correct as to every material matter in that the return reported total income of $298,802 on Line 22, whereas, as he then and there well knew and believed, the return did not report of all his total income, and his total income for 1997 was greater than the amount reported on Line 22.

All in violation of Title 26, United States Code, Section 7206(1).

COUNT TEN<br>(26 U.S.C. § 7206(1) - Subscribing a False Tax Return)

D-2 KYLE E. DRESBACH

That on or about April 13, 1999, in the Eastern District of Michigan, defendant KYLE E. DRESBACH, a resident of West Bloomfield, Michigan, did willfully make and subscribe a U.S. Individual Income Tax Return, Form 1040, for calendar year 1998, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which return he did not believe to be true and correct as to every material matter in that the return reported total income of $338,991 on Line 22, whereas, as he then and there well knew and believed, the return did not report of all his total income, and his total income for 1998 was greater than the amount reported on Line 22.

All in violation of Title 26, United States Code, Section 7206(1).

FORFEITURE ALLEGATION

## D-1 KENNETH J. GRAHAM
## D-2 KYLE E. DRESBACH

The allegations of Counts Two, Three, Four, Five and Six are realleged and
incorporated by reference herein for the purpose of seeking forfeitures pursuant to the
provisions of Title 18, United States Code, Section 982.

As a result of the foregoing offenses in violation of Title 18, United States Code,
Sections 1956 and 1957, defendants KENNETH J. GRAHAM and KYLE E.
DRESBACH shall forfeit to the United States any property, real or personal, involved in
such offenses, or any property traceable to such property.

Property subject to forfeiture to the United States pursuant to Title 18, United
States Code, Section 982 includes, but is not limited to, the following:

(1)   the real property located at 3305 Windsor Boulevard, Vero Beach, Florida,
      32963, being more fully described as:

      Parcel I.D. No. 31-39-15-00001-0080-000020; and

      Lot 20; Block 80; Subdivision: Windsor Phase I PD.

(2)   the real property located at 4659 Linwood, West Bloomfield Township,
      Michigan, 48324, being more fully described as:

      Tax I.D. No. 1803327011; and

      Lots 23 and 24 Zox Lakeside Park subdivision according to the plat thereof
      as recorded in Liber 29 of Plats on pages 29 and 29-A, Oakland County
      Records.

(3)   An amount of not less that $6,583,072.80 in United States Currency, or
      such amount as is proved at trial in this matter, in that such sum in
      aggregate was involved in the conspiracy to launder monetary instruments
      charged in Count Two of this Indictment, or is traceable thereto.

15

If any of the property described above as being subject to forfeiture, as a result of the act or omission of a defendant:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the Court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), to seek to forfeit any other property of that defendant up to the value of the property listed above.

All in violation of Title 18, United States Code, Section 982.

THIS IS A TRUE BILL.

FOREPERSON

JEFFREY G. COLLINS
United States Attorney

JOHN E. SULLIVAN
Trial Attorney
U.S. Department of Justice
P.O. Box 972, Franklin Station
Washington, D.C.   20044
(202) 514-5150

Dated:   9/16/03

16



**FILED**

AUG 1 2 2004

CLERK'S OFFICE
U. S. DISTRICT COURT
EASTERN MICHIGAN

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Criminal No. 03-80504
        Hon. Hon. Arthur J. Tarnow

D-1   KENNETH J. GRAHAM,
D-2   KYLE E. DRESBACH,

        Defendants.

_____/

### JURY VERDICT FORM

**Count One—18 U.S.C. § 371, 18 U.S.C. § 1341, and 26 U.S.C. § 7206(1)—
Conspiracy to Commit Mail Fraud and/or
Willful Subscription of False Tax Returns**

**Check one box for each Defendant to indicate the jury's unanimous verdict.**

We the Jury find the defendant:

| | Not Guilty | Guilty |
|---|---|---|
| Kyle E. Dresbach | | ✓ |

We the Jury find the defendant:

| | Not Guilty | Guilty |
|---|---|---|
| Kenneth J. Graham | | ✓ |

### Count One—Special Interrogatories
### In the Event of a Guilty Verdict

1.    In the event you have found one or more of the above Defendants guilty of Count One, specify the conspiracy's objective(s) for each such Defendant (check all to which you unanimously agree the Government has proven beyond a reasonable doubt, if any):

    A.   **Kenneth J. Graham:**

    ✓   **Mail Fraud**—with the intent to defraud, agreed to engage in a material scheme or

1



artifice to defraud (check each to which you unanimously agree, if any):

___ ✓ to obtain money or property; and/or

___ ✓ to deprive Thyssen of its intangible right to the honest services of Kenneth J. Graham and Kyle E. Dresbach,

by means of material false or fraudulent pretenses, representations, or promises; and using the United States mails in furtherance of the scheme to defraud; and/or

___ ✓ **Willfully Subscribing a False Return**---agreed to willfully subscribe a tax return or tax returns that contained materially false information, knowing the information was false, where the return or returns contained a written declaration that it was being signed subject to the penalties of perjury and in filing the false tax return, and thereby defraud the United States.

**B.   Kyle E. Dresbach:**

___ ✓ **Mail Fraud**—with the intent to defraud, agreed to engage in a material scheme or artifice to defraud (check each to which you unanimously agree, if any):

___ ✓ to obtain money or property; and/or

___ ✓ to deprive Thyssen of its intangible right to the honest services of Kenneth J. Graham and Kyle E. Dresbach,

by means of material false or fraudulent pretenses, representations, or promises; and using the United States mails in furtherance of the scheme to defraud; and/or

___ ✓ **Willfully Subscribing a False Return**---agreed to willfully subscribe a tax return or tax returns that contained materially false information, knowing the information was false, where the return or returns contained a written declaration that it was being signed subject to the penalties of perjury and in filing the false tax return, and thereby defraud the United States.

**II.**   In the event you have found one or more of the above Defendants guilty of Count One, specify which overt acts you have unanimously found the Government has proven beyond a reasonable doubt were committed by a conspirator for the purpose of advancing or helping the conspiracy: *Specifically, actions as stated in the indictment. In the indictment, on page 8, #'s 49-58 and 63 and 64.*
*Page 7, #21, 22, 23, 24 to 58 and Page 8 # 59-64]*

**III.**   In the event you have unanimously found one or more of the above Defendants guilty of Count One, and, more specifically, of having conspired to commit mail fraud, specify the amount of financial loss suffered by Thyssen, Inc., N.A., as a result of the conspiracy, if any:

$ *Approximately $6.5 million*

2

## Count Two—18 U.S.C. § 1956(h)—
### Conspiracy to Commit Money Laundering, 18 U.S.C. § 1956(a)(1)(B)(i)

**Check one box for each Defendant to indicate the jury's unanimous verdict.**

We the Jury find the defendant:

| | Not Guilty | Guilty |
|---|---|---|
| Kyle E. Dresbach | | ✓ |

We the Jury find the defendant:

| | Not Guilty | Guilty |
|---|---|---|
| Kenneth J. Graham | | ✓ |

### Count Two—Special Interrogatories
### In the Event of a Guilty Verdict

I.  In the event you have found one or more of the above Defendants guilty of Count Two, specify which overt acts you have unanimously found the Government has proven beyond a reasonable doubt were committed by a conspirator for the purpose of advancing or helping the conspiracy: IN THE INDICTMENT,

Page 7, #24-58    SPECIFICALLY, ACTIONS AS STATED IN THE INDICTMENT ON PAGE 8, 49-58 and 63 and 64.

II. In the event you have unanimously found one or more of the above Defendants guilty of Count Two, specify the amount of funds laundered, if any:

$ 6.5 MILLION

### Count Three—18 U.S.C. § 1957—
### Laundering of Monetary Instruments

**Check one box to indicate the jury's unanimous verdict.**

We the Jury find the defendant:

| | Not Guilty | Guilty |
|---|---|---|
| Kyle E. Dresbach | | ✓ |

3

### Count Four—18 U.S.C. § 1957—
### Laundering of Monetary Instruments

**Check one box to indicate the jury's unanimous verdict.**

We the Jury find the defendant:

| | Not Guilty | Guilty |
|---|---|---|
| Kyle E. Dresbach | | ✓ |

### Count Five—18 U.S.C. § 1957—
### Laundering of Monetary Instruments

**Check one box to indicate the jury's unanimous verdict.**

We the Jury find the defendant:

| | Not Guilty | Guilty |
|---|---|---|
| Kenneth J. Graham | | ✓ |

### Count Six—18 U.S.C. § 1957—
### Laundering of Monetary Instruments

**Check one box to indicate the jury's unanimous verdict.**

We the Jury find the defendant:

| | Not Guilty | Guilty |
|---|---|---|
| Kenneth J. Graham | | ✓ |

### Count Seven—26 U.S.C. § 7206(1)—
### Willful Subscription of a False Tax Return

**Check one box to indicate the jury's unanimous verdict.**

We the Jury find the defendant:

|                     | Not Guilty | Guilty |
|---------------------|-----------|--------|
| Kenneth J. Graham   |           | ✓      |

### Count Eight—26 U.S.C. § 7206(1)—
### Willful Subscription of a False Tax Return

**Check one box to indicate the jury's unanimous verdict.**

We the Jury find the defendant:

|                     | Not Guilty | Guilty |
|---------------------|-----------|--------|
| Kenneth J. Graham   |           | ✓      |

### Count Nine—26 U.S.C. § 7206(1)—
### Willful Subscription of a False Tax Return

**Check one box to indicate the jury's unanimous verdict.**

We the Jury find the defendant:

|                     | Not Guilty | Guilty |
|---------------------|-----------|--------|
| Kyle E. Dresbach    |           | ✓      |

## Count Ten—26 U.S.C. § 7206(1)—
### Willful Subscription of a False Tax Return

Check one box to indicate the Jury's unanimous verdict.

We the Jury find the defendant:

| | Not Guilty | Guilty |
|---|---|---|
| Kyle E. Dresbach | | ✓ |

Dated: August 12, 2004

Foreperson

6

**DH-71033.SDP**

**05-71033**

## CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of Court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.

COUNTY IN WHICH ACTION AROSE Wayne, MI

**I (a) PLAINTIFFS**
THYSSENKRUPP MATERIALS N.A., INC., a Delaware corporation,

**DEFENDANTS**
KYLE DRESBACH, an individual

**(b)** County of Residence of First Listed Oakland, Michigan

County of Residence of First Listed Oakland, Michigan
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

**(c)** Attorneys (Firm Name, Address, and Telephone Number)
BARRIS, SOTT, DENN & DRIKER, P.L.L.C.
211 West Fort St., 15th Floor
Detroit, MI 48226 (313) 965-9725

Attorneys (If Known)

**DENISE PAGE HOOD**
Magistrate Judge Steven D. Pepe

### II. BASIS OF JURISDICTION (Place an "X" In One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 21 U.S. Government Defendant
- ☐ 4 Diversity (Indicate citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)
(Place an "X" in One Box for Plaintiff and One Box for Defendant)

| | PLA | DEF | | PLA | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated or Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### II. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury – Med Malpractice
- ☐ 365 Personal Injury – Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Other

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/ Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Rel. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395f)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant
- ☐ 871 IRS – Third Party 28 USC 7809

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities / Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

470

### VI. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgement

### IV. CAUSE OF ACTION (Cite the U.S. Civil Statute under Which You Are Filing and Write a Brief Statement of Cause. Do Not Cite Jurisdictional Statutes Unless Diversity.)

VISIBLE COMPANION CASE

This suit seeks to recover losses suffered by plaintiff as a result of an illegal kickback scheme perpetrated by the defendant and his co-conspirators. Plaintiff alleges that defendant engaged in conversion, embezzlement, breach of fiduciary duty, fraud, conspiracy, racketeering, and conspiracy to commit racketeering. Plaintiffs substantive federal claims arise out of the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1962) and the following federal predicate statutes (18 U.S.C. §§ 1341, 1343, 1956, and 1957 ).

### VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23

**DEMAND:** An amount in excess of $6,500,000.

Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

### VIII. RELATED CASE(S) (See Instructions):

| IF ANY | JUDGE | DOCKET NUMBER |
|---|---|---|
| Dresbach v ThyssenKrupp Materials N.A., Inc. | Arthur J. Tarnow | 03-cv-72405-AJT; |
| U.S. v. Graham & Drosbach | Arthur J. Tarnow | 03-cr-80504-AJT; |
| U.S. v. Allon | Arthur J. Tarnow | 03-cr-80578-AJT; and |
| Graham v. ThyssenKrupp Materials N.A., Inc. | Arthur J. Tarnow | 03-cv-73488-AJT |

DATE
March 16, 2005

SIGNATURE OF ATTORNEY OF RECORD

# PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously discontinued or dismissed?

☐ YES
☒ NO

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)

☒ YES
☐ NO

If yes, give the following information:

Court:  US District Court for the Eastern District of Michigan _____

Case No.:  03-cv-72405-AJT _____

Judge: Arthur J. Tarnow _____

Court:  US District Court for the Eastern District of Michigan _____

Case No.: 03-cr-80504-AJT _____

Judge:  Arthur J. Tarnow _____

Court:  US District Court for the Eastern District of Michigan _____

Case No.: 03-cr-80578-AJT _____

Judge:  Arthur J. Tarnow _____

Court:  US District Court for the Eastern District of Michigan _____

Case No.: 03-cv-73488-AJT _____

Judge:  Arthur J. Tarnow _____

Notes:

g:\docsopen\mmillikin\i-oth\0289825.01